UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Khamin Todd

    v.                                    Civil No. 19-cv-235-JD

Northern New Hampshire
Correctional Facility,
Warden Cory Riendeau, and
NCF Chef FNU Sol

O R D E R

On March 7, 2019, while an inmate at the Northern New Hampshire Correctional Facility, Khamin Todd filed a complaint against the Correctional Facility, Warden Cory Riendeau, and a chef at the Correctional Facility whose last name is Sol, alleging racial discrimination and harassment. Todd moved to proceed without prepayment of fees or costs. The court granted Todd's motion to proceed without prepayment of fees and costs and assessed an initial fee of $55.31 and monthly payments to be remitted by the Correctional Facility from Todd's inmate account. Todd paid the initial fee on March 28, 2019.

The magistrate judge issued a report and recommendation after preliminary review of Todd's complaint on May 23, 2019, identifying Chef Sol as a defendant as to Claim 1 and recommending that Claims 2 and 3 be dismissed. The clerk's office was directed to serve the New Hampshire Attorney General's Office. Todd was given fourteen days to file an

objection to the report and recommendation.  Todd did not respond.

On May 6, 2019, the clerk's office received notice that the copies of the report and recommendation and order directing service sent to Todd at the Northern New Hampshire Correctional Facility were returned because Todd had been paroled without a forwarding address.  Todd did not provide any update about his address or location.  Through further inquiry, however, the clerk's office obtained an address for Todd c/o Theresa Thomas, 115 East 122 #60, New York, New York 10035.  The clerk's office mailed a copy of the report and recommendation and the order directing service to Todd at the New York address on June 18, 2019.  That mailing was returned as unable to forward.

The New Hampshire Attorney General's Office filed a motion to extend the time to answer on June 21, 2019.  Todd did not respond to the motion.  The motion was granted on July 18, 2019.

On July 19, 2019, the financial administrator in the clerk's office sent Todd a letter at the New York address to notify him of the balance due on his filing fee.  To date, Todd has not responded to the letter, paid the overdue parts of the filing fee, or provided updated contact information.

A.  Report and Recommendation

A judge of the court may refer dispositive matters to a magistrate judge who then files a report and recommendation as to the proposed disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1). Any party who is adversely affected by a report and recommendation may file an objection within fourteen days of service. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If an objection is filed, a judge of the court will make a de novo determination of those parts of the report and recommendation to which an objection has been made. § 636(b)(1). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Because Todd did not file an objection to any part of the magistrate judge's report and recommendation, the court will not conduct a de novo review. The report and recommendation to allow Claim 1 against Chef Sol and to dismiss Claims 2 and 3 is accepted.

B. Disposition

The court may dismiss a case sua sponte for any reason provided in Federal Rule of Civil Procedure 41(b). Cintron-Lorenzo v. Dep't de Asumtos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002). Rule 41(b) permits the court to dismiss a case

3

if the plaintiff fails to prosecute, fails to comply with court rules, or fails to comply with a court order. Local Rule 83.6(e) imposes a continuing duty on a pro se plaintiff "to notify the clerk's office of any change of address and telephone number." Further, pro se parties who fail to comply with Local Rule 83.6(e) are not entitled to notice.

In this case, Todd has failed to comply with Local Rule 83.6. In addition, he has not responded to anything filed in the case or sent to him at the New York address. Because of Todd's failure to participate in the case, litigation cannot move forward.

Todd has failed to comply with the court's order pertaining to his filing fee, failed to notify the court of his current address and telephone number, and has failed to prosecute his case. For those reasons, his case is dismissed without prejudice pursuant to Rule 41(b).

## Conclusion

For the foregoing reasons, the report and recommendation (document no. 4) is accepted.

The defendant's motion to stay (document no. 13) is terminated as moot.

This case is dismissed without prejudice.

4

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                                                          Joseph A. DiClerico, Jr.
                                                                          United States District Judge

July 31, 2019

cc:  Khamin Todd, pro se
     Anthony Galdieri, Esq.